UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:15-CV-14313-ROSENBERG/LYNCH

MARILYN D. SMITH,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss [DE 10]. Plaintiff filed a Response [DE 15] and Defendant filed a Reply [DE 19]. The Court has reviewed the Motion, the Response, the Reply, and the court file. For the reasons set forth below, the Motion is granted and this case is dismissed for lack of subject matter jurisdiction.

Plaintiff has brought three counts against Defendant, an airline company. Count One is a breach of contract claim and Count Two and Count Three are claims for passenger delay. Plaintiff purchased an airline ticket from Defendant.[1] *See* DE 1 ¶¶ 3-4. When Plaintiff attempted to use that ticket, she encountered difficulty as follows:

> 5. At 1:15 p.m. an AA flight check-in employee asked to see Ms. Smith's ticket and said "where is the rest of your ticket?" Ms. Smith answered: "you have the entire flight." The AA employee replied: "I don't see the flight itinerary for the African portion of your travel. Ms Smith then stated that she doesn't have anything else. The AA employee then said, "I can t check you in." Ms. Smith then asked why and was told by the AA employee that she needed the full itinerary of Ms. Smith's trip.

---

[1] The Court accepts all allegations as true when evaluating a motion to dismiss. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012).

*Id.* ¶ 5.  As a result of Plaintiff "not being checked in," Plaintiff was ultimately forced to utilize another airline:

> 6. Ms. Smith then got out of line in a daze trying to figure out how she was going to get to Dallas to make an essential and scheduled connecting flight.  Ms. Smith then contacted the first airline (AA) employee that she saw and asked for advice on how to get to Dallas. The AA employee suggested that she go to another airline and see if Ms. Smith could get another flight out.  At approximately 1:40 p.m. Ms. Smith was unsuccessful in her attempts to get a flight from Tampa to Dallas in order to make her scheduled flight from Dallas to overseas at 6:35 p.m.
>
> . . .
>
> 8. On the very same day, July 14, 2014, the Plaintiff was forced to catch an alternative flight. Eventually, after being yo-yoed between British Airways and American Airlines, Ms. Smith got a coach ticket for $1,400.00 from Tampa to Gatwick Airport, London, England.  Expecting all to be resolved, Ms. Smith received another insult when Ms. Smith boarded the plane from Heathrow to Capetown, South Africa and was told that she was not traveling first class AGAIN but one grade above Coach.

*Id.* ¶¶ 6, 8.

With respect to Plaintiff's breach of contract claim, Plaintiff must plead that there was a valid contract, that the contract was materially breached, and that she suffered damages. *Havens v. Coast Fla., P.A.*, 117 So. 3d 1179, 1181 (Fla. Dist. Ct. App. 2013).[2]   Plaintiff has pled all necessary elements.  Plaintiff has pled the existence of a contract (her ticket), that the contract was breached (Defendant refused to honor the ticket), and that she suffered damages. Defendant also appears to concede Plaintiff has stated a valid claim for breach of contract in its Motion to Dismiss.

---

[2] Neither party argues that the law of another state applies to Plaintiff's claims.

With respect to Plaintiff's claims for passenger delay, Plaintiff's claims are brought under the Montreal Convention.  *See* Air, S. Treaty Doc. No. 106-45.  The Montreal Convention applies "to all international carriage of persons, baggage, or cargo performed by aircraft for reward."  *Salamey v. Am. Airlines, Inc.*, No. 8:11-CV-2354, 2011 WL 6555129 (M.D. Fla. Nov. 9, 2011).  Article 19 of the Convention "provides the sole cause of action" for "delay in the carriage of passengers, baggage or cargo."  *Id.* (quoting *Seagate Logistics, Inc. v. Angel Kiss, Inc.*, 699 F. Supp. 2d 499, 505-06 (E.D.N.Y. 2010)).  But "the plain language of Article 19 . . . indicates that it governs claims for delay, not non[-]performance."  *Id.* (quoting *In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 455 (E.D.N.Y. 2007)).  Article 19 does not apply to non-performance contract claims.  *Id.*; *Nankin v. Continental Airlines, Inc.*, No. CV-09-07851, 2010 WL 342632, at *8 (C.D. Cal. Jan. 29, 2010).

A claim for damages based on an airline's refusal to permit a passenger to board a flight constitutes non-performance, not delay.  *See, e.g.*, *Wogel v. Mexicana Airlines*, 821 F.2d 442, 445 (7th. Cir. 1987).  Here, Plaintiff's claims for delay are, in actuality, claims based upon Defendant's non-performance of a prior contract:

> 17. Ms. Smith was forced to pay an additional $1,400.00 to get a flight from Tampa to Gatwick Airport, London, England.
>
> . . .
>
> 21. Ms. Smith had to catch a flight other than the originally scheduled flight in the original itinerary.  The Plaintiff was uable to catch the originally scheduled flight for Victoria Falls, Zimbabwe to Kenya.

DE 1 ¶¶ 17, 21.  Thus, accepting the allegations in Plaintiff's Complaint as true, she has not stated a claim for *passenger delay*.  Plaintiff has not alleged that her flight was delayed—what she has alleged is that she was not permitted to board her flight.  As a result of not being able

to board her flight, Plaintiff's allegations are that she was forced to use alternative transportation. Although Plaintiff has certainly alleged that she was delayed in the sense that she reached her destination later than she should have, she has not alleged that her *purchased transportation* (for which she contracted) was unreasonably delayed. In essence, Plaintiff's allegations that pertain to events after Defendant's alleged breach of contract go to the extent of her damages, not to a claim for passenger delay. Accordingly, Plaintiff has failed to state a claim for passenger delay under the Montreal Convention, and Count Two and Count Three must be dismissed.

Plaintiff has invoked the jurisdiction of this Court by filing claims under the Montreal Convention. By virtue of the Court's decision to dismiss those claims, Plaintiff's only remaining claim is a state law claim for breach of contract. No federal claims remain. As such, the only potential basis for this Court's jurisdiction is diversity jurisdiction.[3] Diversity jurisdiction requires the parties to be citizens of different states with an amount-in-controversy of at least $75,000 or more. 28 U.S.C. § 1332(a). Even if the Court were to assume that the parties are citizens of different states, the amount-in-controversy in this case is far less than $75,000. Plaintiff's stated damages amount to less than $2,000. *See* DE 1 ¶¶ 8, 11, 22. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim, and that claim must be dismissed. Because the Court lacks subject matter jurisdiction over Count One, the Court declines to reach Defendant's other requests for relief that concern Count One.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Count Two and Count Three are **DISMISSED FOR FAILURE TO STATE A CLAIM** and that Plaintiff's Count

---

[3] The Court declines to exercise supplemental or pendent jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

4

5

One is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.  The Clerk of the Court is directed to **CLOSE THIS CASE** and all other pending motions are **DENIED AS MOOT**.

    **DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 29th day of October, 2015.

Copies furnished to:
Counsel of record

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE